IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. C 19-5762 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| TED BLOOM; S. CAMPAIGNE; K. THOMPSON; D. CHAMBERLAIN; K. HOFFMAN; | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 against officials at the California Training Facility. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff claims alleges that defendant Bloom falsified disciplinary charges against him in retaliation for plaintiff having filed an administrative grievance against Bloom. A prisoner's First Amendment rights are violated if he is retaliated against for using administrative grievance procedures. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The attachments to the complaint, however, establish that Bloom filed disciplinary charges *before* plaintiff filed the administrative grievance. Specifically, Bloom filed the disciplinary charges on April 3, 2019, whereas plaintiff filed the administrative grievance — which complained about Bloom referring plaintiff to mental health services — on April 11, 2109 (*see* Pet. Ex. A at 5; Pet. Ex. C at 3). Bloom could not have retaliated against plaintiff for an action that plaintiff had not yet taken. Plaintiff's allegations, even when liberally construed, indicate that Bloom did not retaliate

2

against him for exercising his First Amendment rights, and therefore do not state a cognizable retaliation claim.

Plaintiff claims that the other defendants acted "in cahoots" with Bloom and covered up his retaliatory actions. These other defendants reviewed and granted in part and denied in part plaintiff's administrative grievance regarding Bloom's allegedly retaliatory disciplinary charges. Plaintiff's retaliation claim against these defendants is not cognizable because it is based upon the claim that Bloom retaliated against plaintiff, which, for the reasons discussed, is not cognizable. Plaintiff also does not state a cognizable claim against these defendants for improperly processing or denying his administrative grievances. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (there is no constitutional right to a prison administrative appeal or grievance system),

For the reasons discussed, plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. Any attempt at amendment would be futile because the allegations in the complaint and the attachments thereto establish that defendants did not retaliate against him for exercising his First Amendment rights. Therefore, leave to amend is not granted.

## CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a claim upon which relief may be granted. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3